**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cornell Patton, Melissa Patton, Chad Webb and Amy Webb, Appellants,

v.

Prestwick Land Limited Partnership; Prestwick Homeowners Association, Inc.; Jackson Companies; City of Myrtle Beach; South Carolina Department of Transportation; Horry County; Myrtle Beach Air Force Base Redevelopment Authority; Nelson L. Hardwick & Associates, Inc.; Bermuda Gardens Homeowners' Association d/b/a Homeowners of Ocean Walk Property Owners Association; Campgrounds, Inc.; and Prestwick Property Owners Association, Inc. Defendants,

Of which Prestwick Land Limited Partnership, Jackson Companies, and Campgrounds, Inc. are the Respondents.

City of Myrtle Beach, Third-Party Plaintiff,

v.

Phil Eaves and Elizabeth Eaves, Third-Party Defendants, Counterclaimants/Cross-Claimants, Appellants.

Appellate Case No. 2019-000964

———————

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-078
Submitted January 1, 2022 – Filed February 16, 2022

---

**AFFIRMED**

---

Gene McCain Connell, Jr., of Kelaher Connell &
Connor, PC, of Surfside Beach, for Appellants.

Douglas Charles Baxter, of Myrtle Beach, and Carmen
Vaughn Ganjehsani, of Columbia, both of Richardson
Plowden & Robinson, PA, for Respondents.

---

**PER CURIAM:** Cornell Patton, Melissa Patton, Chad Webb, Amy Webb, Phil
Eaves, and Elizabeth Eaves (collectively, Homeowners) appeal the circuit court's
order granting summary judgment to Prestwick Land Limited Partnership, LLC,
Jackson Companies, and Campgrounds, Inc. (collectively, Respondents). On
appeal, Homeowners argue the circuit court erred in (1) granting summary
judgment to Respondents when the parties had not completed discovery, (2)
holding the prior settlement agreement released future flood claims, (3) finding the
statute of repose prohibited Homeowners' action, (4) holding res judicata barred
Homeowners' action, and (5) finding Respondents' liability ended when they
relinquished control of the property. The circuit court did not err in granting
summary judgment. Homeowners did not present a scintilla of evidence
demonstrating gross negligence, and therefore, the statute of repose barred their
claims as a matter of law. Accordingly, we affirm pursuant to Rule 220(b),
SCACR, and the following authorities: Rule 56(c), SCRCP ("[Summary]
judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the affidavits, if any, show
that there is no genuine issue as to any material fact and that the moving party is
entitled to a judgment as a matter of law."); *Turner v. Milliman*, 392 S.C. 116, 121-
22, 708 S.E.2d 766, 769 (2011) ("When reviewing a grant of summary judgment,
appellate courts apply the same standard applied by the trial court pursuant to Rule
56(c), SCRCP."); *Jones v. State Farm Mut. Auto. Ins. Co.*, 364 S.C. 222, 228, 612
S.E.2d 719, 722 (Ct. App. 2005) ("The party seeking summary judgment has the
burden of clearly establishing the absence of a genuine issue of material fact."); *id.*
("Once the party moving for summary judgment meets the initial burden of
showing an absence of evidentiary support for the opponent[']s case, the opponent

cannot simply rest on mere allegations or denials contained in the pleadings. . . . Rather, the nonmoving party must come forward with specific facts showing there is a genuine issue for trial."); *Turner*, 392 S.C. at 122, 708 S.E.2d at 769 ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." (quoting *Fleming v. Rose*, 350 S.C. 488, 493-94, 567 S.E.2d 857, 860 (2002))); S.C. Code Ann. § 15-3-640 (Supp. 1997) ("No actions to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property may be brought more than thirteen years after substantial completion of such an improvement.") (amended 2005).[1]

**AFFIRMED.**[2]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] Because the resolution of this issue is dispositive, we need not consider the remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.